E-FILED
Thursday, 11 March, 2021  08:37:57 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN DANUK, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No.: 21-cv-2035-MMM** |
| | ) | |
| **MICHAEL DOWNEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW ORDER

Plaintiff, John Danuk, proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 against eleven Defendants at the Jerome Combs Detention Center ("JCDC"), alleging an unconstitutional search. Plaintiff's complaint has been attested to and signed-off by 49 other JCDC detainees, apparently wishing to act as co-plaintiffs. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *"Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff Danuk alleges that at 8:00 a.m. on January 14, 2021, officers conducted a shakedown of the C Dorm Housing Unit. He and the other detainees were awakened by 10 to 12 correctional officers with Defendant Officers Coffee and Henshaw screaming that they were to

get up and proceed to the gym. The detainees were made to remove their shoes and socks and subjected to a pat down prior to proceeding to the gym. Plaintiff attests that no contraband was found on any of them.

Plaintiff and the other detainees were closely confined in the gym for approximately 1 ½ hours. Plaintiff Danuk attests that social distancing was not observed even though some of the detainees had tested positive for COVID-19. At some point, the detainees were removed, seven at a time, and escorted to the shower area. There, with Defendants Schloendorf and Bartucci observing, Defendants Sands, Henshaw, Coffee, Stanton, Juergens, Norton, Zanton and Larson ordered the detainees to remove all clothing and shoes. They were then ordered to lift their genitals; turn around, squat and cough; spread their buttocks for a visual flashlight inspection; open their mouths and raise their tongues; run their fingers through their hair; and expose the soles of their feet. The detainees were thereafter allowed to get dressed and return to their cells. Plaintiff complains that detainees were not provided a report identifying the authorization for and particulars of the search as required under title 20 § 720.70. Plaintiff requests injunctive relief and monetary damages.

Plaintiff Danuk has signed the complaint, requesting that relief extend to himself and the other detainees. The 47 detainees have not signed the complaint, but each has filed a separate attestation, asserting to the veracity of the complaint. Plaintiff Danuk has filed a petition to proceed in forma pauperis and has been granted leave to do so. The other detainees have neither filed in forma pauperis petitions nor paid the $402 filing fee.

## ANALYSIS

A pretrial detainee's claim of an unreasonable search is reviewed under the Fourth Amendment. *Florence v. Bd. of Chosen Freeholders of County of Burlington*, 566 U.S. 318,

(2012) (applying the Fourth Amendment to a strip search of a pretrial detainee).This is so, as a detainee is not a convicted person who must allege cruel and unusual punishment as required under the Eighth Amendment. Under the applicable Fourth Amendment standard, the detainee must successfully allege only that the search was unreasonable. This requires only an objective analysis rather than the dual objective and subjective analysis required under the Eighth Amendment. *See Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020).

Defendants' actions may be found to be objectively reasonable if undertaken pursuant to legitimate security interests. *Shaw v. City of Milwaukee*, No. 20-365, 2020 WL 2198775, at *2 (E.D. Wis. May 6, 2020), *amended,* No. 20-365, 2020 WL 3077911 (E.D. Wis. June 9, 2020), citing *Florence*, 566 U.S. at 328. In *Florence*, the Supreme Court found reasonable a policy which allowed the strip search and bodily cavity search of all arrested persons prior to their placement in the jail's general population. There, the Supreme Court cited its prior opinion in *Bell v. Wolfish,* 441 U.S. 520, 558 (1979), noting that strip search policies had a legitimate purpose in  to deterring violence, escape or the possession of contraband. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 547. The task of determining whether a policy is reasonably related to legitimate security interests is "peculiarly within the province and professional expertise of corrections officials." *Id.* at 548.

While it has been found constitutional to subject all of a subclass of detainees to a strip search, this will not necessarily apply where fewer than all members of that subclass are so subjected. *Fonder v. Sheriff of Kankakee County*, 823 F.3d 1144, 1146–47 (7th Cir. 2016) (strip search not constitutional where some but not all arrestees were strip searched upon arrival at the

jail); *Brown v. Polk County, Wisconsin*, 965 F.3d 534, 538–39 (7th Cir. 2020) citing *Wolfish*, 441 U.S. at 558–60 (jail policy of strip searching detainees after contact visits constitutional where applied to all).

Here, Plaintiff has alleged that all of the inmates in the cell block were subject to the strip search, consistent with the Fourth Amendment standard applied in the cited cases. As the search itself does not appear to have been unreasonable, the Court considers whether Plaintiff has pled that it was conducted in an unreasonable manner, so as to violate the Fourth Amendment. "[T]he Fourth Amendment does not prohibit all searches, only unreasonable ones." *Brown*, 965 F.3d at 538. In considering the reasonableness of a search the court is to consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Hulett*, 969 F.3d at 779.

In the case at hand, detainees were viewed nude in the showers, rather than a common area. While there were officers present, there are no allegations that other, extraneous personnel were there or that the detainees were insulted or reviled. It is not clear even, that detainees were able to observe each other while nude. In addition, the search was merely a visual one with no intrusion into the body. *See Florence,* 566 U.S. at 339 (finding bodily cavity search of detainees constitutional).

Here, Plaintiff Danuk has failed to successfully plead either that the strip search was unreasonable where all of the inmates on the cell block were subjected to it, or that it was conducted in an unreasonable manner. The complaint will be dismissed and Plaintiff Danuk will be given an opportunity to replead in the event that he can successfully state a Fourth Amendment claim.

It is further noted, that while 47 other individuals seek to join with Plaintiff Danuk, he has filed a complaint on his own behalf, though requesting that relief be granted to himself and others. Plaintiff Danuk may represent himself as a pro se litigant but may not represent others. *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.").  If allowed to proceed as co-plaintiffs, all 48 detainees would be required to individually sign all motions, responses, replies, or notices in this case. *Edmondson, et al., v. Decatur County Detention Center*, No. 21-00499, 2021 WL 859735, at *1 (S.D. Ind. Mar. 8, 2021). As all putative Plaintiffs are pretrial detainees, they will likely be transferred to different institutions, experiencing restrictions on their ability to communicate with one another. In addition, none of the remaining 47 has paid the filing fee or moved to proceed *in forma pauperis*. Accordingly, only Plaintiff Danuk will be allowed to proceed here, provided he files an amended complaint. To the extent that the complaint is construed on behalf of the other putative plaintiffs it is DISMISSED. Any Plaintiff other than Mr. Danuk who wishes to proceed must file his own action with responsibility for the attendant filing fee.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff Danuk's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.      Plaintiff will remain responsible for the $350 filing fee whether or not he files an amended complaint.

_3/11/2021_                          s/Michael M. Mihm
ENTERED                          MICHAEL M. MIHM
                          UNITED STATES DISTRICT JUDGE