UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DANUK, et al., | ) |
| | ) |
|         **Plaintiffs,** | ) |
| v. | )  No.: 21-cv-2035-MMM |
| | ) |
| MICHAEL DOWNEY, et al., | ) |
| | ) |
|         **Defendants.** | ) |

### MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, John Danuk, proceeding *pro se* and detained at the Jerome Combs Detention Center ("JCDC"), has filed an amended complaint pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint has been attested to, but not signed by, 49 other JCDC detainees. This caused the Court to question whether these individuals sought to proceed as co-Plaintiffs. However, when the 49 did not file petitions to proceed *in forma pauperis* or pay the filing fee, they were dismissed. As a result, Mr. Danuk proceeds as the sole Plaintiff.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that at 8:00 a.m. on January 14, 2021, the detainees in Unit C Dorm were awakened by 10 to 12 correctional officers conducting a shakedown. Defendant Officers Coffee and Henshaw yelled that Plaintiff, and the other detainees were to proceed to the gym. There, each was subjected to a pat down which did not disclose any contraband. Plaintiff and the other detainees were held in the gym for one and a half hours while the officers searched the housing unit.

After the search of the housing unit, the officers removed the detainees, seven at a time, to the shower area. Defendant Officers Sands, Henshaw, Coffey, Stanton, Juergens, Norton, Zanton and Larson ordered the detainees to remove all clothing while Defendants Schloendorf and Bartucci supervised. Plaintiff and the other were ordered to lift their genitals; turn around, squat and cough; spread their buttocks for a visual flashlight inspection; open their mouths and raise their tongues; run their fingers through their hair; and expose the soles of their feet. One of the officers remarked "it must be cold in here," which Plaintiff interprets as "an obvious" reference to the size of his genitals.

Plaintiff alleges that there was no justification for the strip search. He claims, further, that it did not comport with 20 Ill. Admin. Code § 720.70. This provision, which applies to municipal jails and lockups, prohibits with certain exceptions, the strip searching of individuals arrested for "traffic, regulatory, or misdemeanor offense[s]." The Jerome Combs Detention Center is not, a municipal jail, however, but a county jail to which different standards apply. *See* 20 Ill. Admin. Code § 701 et seq. Plaintiff's amended complaint does not include a request for relief.

## ANALYSIS

As Plaintiff was a pretrial detainee, his claim as to an unreasonable search is reviewed under the Fourth Amendment. *Florence v. Bd. of Chosen Freeholders of County of Burlington*,

2

566 U.S. 318, (2012) (applying the Fourth Amendment to a strip search of a pretrial detainee). Under the Fourth Amendment standard, a detainee needs to establish that the search was objectively unreasonable, not that the Defendant was subjectively aware that it was unreasonable. *See Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020).

The strip searching of detainees has generally been found objectively reasonable where undertaken to promote legitimate security interests. *See Shaw v. City of Milwaukee*, No. 20-365, 2020 WL 2198775, at *2 (E.D. Wis. May 6, 2020), *amended,* No. 20-365, 2020 WL 3077911 (E.D. Wis. June 9, 2020), citing *Florence*, 566 U.S. at 328 ("routine visual strip-searches of pretrial detainees upon admission to the general population of a jail are reasonable and justified by the institution's need to deter the possession of contraband and ensure the safety of staff and other inmates.") A search undertaken for legitimate security interests may violate the Constitution, however, if "guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Hulett*, 969 F.3d at 781 (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

Here, as previously noted, Plaintiff was strip searched in the shower, not in a common area, or in view of extraneous personnel. The search was conducted in a small group and Plaintiff does not complain that he and other detainees viewed each other nude. There is nothing to suggest, therefore, that the location of the strip search was unreasonable.

The Court also considers the reasonableness of the manner in which the search was conducted. Here, Plaintiff does not plead facts to support that the search was more demeaning or humiliating than necessary. *See Henry v. Hulett*, 969 F.3d 769, 778 (7th Cir. 2020) (characterizing strip searches by their nature as "demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and

submission.") (Internal citation omitted). Plaintiff does not allege that he or others were subject to verbal abuse or insults. Plaintiff's interpretation as to a single remark regarding the temperature in the room is insufficient to raise the inference that the strip search was conducted in an unduly abusive, humiliating, or unreasonable manner.

There also nothing to support that the strip search was undertaken for an unreasonable purpose. While Plaintiff claims that there was no justification for it, he offers only his own unsupported opinion. As noted, the courts have found that strip searches serve an important penological purpose. *See Shaw*, 2020 WL 2198775 at *3 ("[k]eeping prison staff and other inmates safe from potential contraband is a legitimate security interest, and under *Florence*, there is no requirement that suspicion of contraband must be individualized to justify the search.") Furthermore, the Seventh Circuit has instructed that when considering the reasonableness of a strip search "courts must afford prison administrators 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Hulett*, 969 F.3d at 783 (citing *Bell*, 441 U.S. at 547).

Here, Plaintiff has offered nothing to suggest that Defendants exaggerated their response to the institutional safety and security considerations. Strip searches are not inherently unconstitutional and Plaintiff has failed to plead that Defendants acted for an unreasonable purpose, in an unreasonable place, or in an unreasonable manner.

Plaintiff makes the additional claim that the search did not comport with Illinois statute. He cites 20 Ill. Admin. Code § 720.70 which governs municipal jails, not county jails such as the one where Plaintiff was confined. After review, the Court notes that there is no county jail standard limiting the circumstances under which detainees may be strip searched. *See* 20 Ill.

Admin. Code § 701 et seq. Even if it were otherwise, Plaintiff cannot assert a constitutional claim based on an alleged violation of state law. *Windle v. City of Marion, Ind.*, 321 F.3d 658, 662 (7th Cir. 2003) "State law violations do not form the basis for imposing § 1983liability."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("§ 1983 protects plaintiffs from constitutional violations, not violations of state laws…departmental regulations and police practices.")

Plaintiff has had two opportunities to plead a colorable Fourth Amendment claim and has failed to do so. The Court determines that Plaintiff cannot plead a constitutional violation under these facts and so, he will not be given further opportunity.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile for the reasons identified herein. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

| | |
|---|---|
| 11/3/2021 | s/ Michael M. Mihm |
| ENTERED | MICHAEL M. MIHM |
| | UNITED STATES DISTRICT JUDGE |